1049 Kaspersky v. Device Security. 1909 Kaspersky v. Device Security. Are you Mr. Knaizer? Good morning, may it please the court. My name is Casey Knaizer, and I represent the appellant, Kaspersky Lab, in this case. I'm really used to, in patent cases, having the main dispute be over a point of claim construction. It usually sorts out very quickly when looking at a claim by a patent owner, as was made in this case, that there is one or more terms where infringement really turns on the interpretation of those. And my expectation in this case, frankly, was that the term network provider, which jumps out from the claim that was asserted, Claim 1, that that would be the point of contention. That there would be some interpretation of network provider that could encompass us, a software company, that does not issue phones to people, that does not have a network that people use to track their phones, that there would be some such construction. And I was very surprised when we got to the point in the case where we were to exchange claim terms, that there was no construction proposed, and that the construction that I saw in the specification, that it was a wireless carrier, such as Verizon or T-Mobile or AT&T, that the viceroy simply agreed with that. And shortly after, before we even submitted these things to the court, I thought, well, I will certainly win summary judgment if that's the case, because it's impossible to be a direct infringer for us. Well, I think we've read the facts, but if you end with, we certainly expected summary judgment, that doesn't get you very far when you're looking at overturning the district courts under an abusive discretion standard finding an exceptional case. So whether or not you had a pretty nearly slam dunk case on summary judgment doesn't get you there, does it? No, absolutely. And that's what I was going to say next, is that at that point, that's all I thought it was. But the reaction that came from after the exchange of claim terms was, all of a sudden, out of the blue, we're dismissing everything. We're giving you a covenant not to sue. You just have to promise not to pursue your rights as a prevailing party. You have to waive all claims. And in the course of that discussion, before I could agree to that, I felt like I needed to satisfy myself. There was some interpretation of network provider that could make us one, because how else could we be a direct infringer? And what I got in a letter from them was, we have always known that you're not a network provider. That was the thing that changed. So then you have a theory, but you have more than one theory. It wasn't just a direct infringement theory, right? That's correct. There was direct and indirect. However, the starting point for me... Direct and indirect and literal and equivalent. Correct. There's a lot of theories for a claim whose language does not say that the network provider has to be the one doing these things. It says that things have to happen at the site operated by the network provider. They have to happen at the site. That's correct. The way the claim is written, the subscriber is somehow contacting the network provider, providing certain information and then get certain responses back in response to this dialogue that takes place. How much of your fee request was for work done before the moment that they said they were going to dismiss or even did dismiss? If I had to estimate, I would say... This is just an estimate, but I would say about half because the work that we did... Actually, most of it would have been before because up to that point we were responding to infringement contentions that we had received and doing invalidity contentions. What was the main part? What was the main part? The invalidity contentions, correct? Correct. Responding and then we also... You're not responding. You're the DJ plaintiff. You had to come up with invalidity contentions, correct? Correct. As a DJ plaintiff, we did, but those were only in response to infringement contentions served by the patent owner in this case. I'm sorry, you filed the lawsuit? Absolutely. However, in the Southern District of Florida, as in most courts, if the patent owner counterclaims for infringement, the disclosure flips and they become the first to disclose their infringement contentions and the case proceeds almost exactly as it would have been if they had been the original plaintiff. So you don't have... At what point do you have to come forward with your invalidity contentions? As soon as they serve their infringement contentions. They are a response. In the schedule, it's so many days after receipt they must be served. So, the trouble that I have with the District Court's order is that I don't believe there was any dispute in Device Security's response to my motion that they had any direct infringement theory at all. They said, we could argue about it, but let's talk about these other theories. I have a problem with that because... Well, I understand you have a problem with that. The question is whether or not the District Court abused its discretion and not having the same problem you have. In that regard... Is it true... I mean, I know everybody has been citing a non-correct case which doesn't make everybody terrifically comfortable here, but there is at least one non-precedential opinion from our court that suggests, that says that even if one out of several theories had no basis, that's still not enough or certainly not necessarily enough to overturn the District Court's conclusions under abuse of discretion. So that's... Why do you have more than that going for you? Your Honor, I believe that direct infringement is the starting point. That was the starting point for each argument that I made in District Court. But that wasn't the... I didn't stop there. It was just that the direct infringement case had this difference that there was an admission that they had known from the beginning that we were not a network provider. That seems to be a very clear statement that the direct infringement case was positive. I'm sorry, except on there... And by direct, you're including both literal and equivalence? Or by direct... I mean, by direct, do you mean 271A as opposed to B and C? Yes. Right. So 271A covers both literal and equivalence infringement? Correct. Right. So the fact that they say we knew you guys were not yourselves a network provider doesn't mean that they didn't have a reasonable basis for a theory of 271A infringement. I agree that it's possible that they had a basis. However, in their pleadings and their contentions, they always made it sound like we were. They allege in their infringement contention the definition of a network provider is that it was us and or some other people. And with respect to the doctrine of equivalence, all I ever saw in any pleading was just a blanket statement that said doctrine of equivalence with no further explanation. And I don't think that it's enough for a claim to be considered as a legitimate claim to just simply state the theory without any explanation. In the complaint? I mean, I know we have lots of pretty well-settled doctrine about having at some point in the litigation to elaborate in a reasonably detailed way about why you think something is an equivalent but in the complaint? No, understood. I was just saying that starting from the complaint where it definitely seems to allege direct infringement and that that we are a network provider and then in the contentions where the same issue comes up and in the section on doctrine of equivalence is at the very last page and there's no explanation it's very hard for me to respond to whatever this doctrine of equivalence theory is because I've never seen it explained in a way that I could respond to it. So our position is that when the district court looked at the theory that was being asserted that the claim the claim itself the steps that are involved just could not be performed by the kinds of things that Vice Security has come up with since which include things like cell towers and so on I think the claim is actually quite clear about what is required and we've never even heard anything like what kind of a network provider is there an actual network provider anywhere? Can I ask you this? I don't remember whether this is addressed in your brief but as Doubtless you're aware a year ago this court on Bank loosened the standards for multi-party action that gives rise to 271A direct infringement if their theory survived under that it would be what would the consequence of such a conclusion just my hypothesis would be even if they didn't have a decent theory before that under the pre I don't know what we call it Akamai 4 or something last summer's on Bank so Judge Schwanter you're saying that during the course of the lawsuit a theory was presented that would have fit the facts or that would have under our current doctrine now stated in last summer's lawsuit what the explanations of law mean it always was such that certain kinds of cooperation between two legally independent parties can be combined to form a basis for direct infringement never mind what those kinds are but it's in something more capacious as a standard than the earlier interpretation had been suppose for a minute if it is the reasonableness of their complaint the sanctionability of their litigation under 285 to be judged under the law as we now know it to be or the law as we mistakenly thought it to be during the activities in the district court well your honor I have thought about that I think subjectively for their state of mind it would be the law that they believe to be enforced however for purposes of this motion I will concede if they have a theory that could be stated under the law as it was or even the change law if they had a factual basis to make that there was some other party but to bring it into context when I filed this judgment they were already suing Asurion which is another company that makes an application to find mobile devices in the Asurion application when you go to find your device it takes you to Verizon's website so there is no trace of any other party so I agree       in the abstract could have made their own claim but I don't agree with the Asurion case but I have   any evidence that could have been involved that could trigger the factual basis but I have never seen why they think that evidence was out there for someone. And that's the problem. I say problem but I should probably say that's what makes the case seem exceptional because I think that most patent cases that are litigated in the way that we're used to turn on a question of claim construction which may win and may lose but at least the party has some basis to think that they could win. In this case I don't understand how they could have ever thought they would prevail and since I raised that point I have not been encouraged or dissuaded from that belief and I've read all the different arguments and all the different questions    that's the case that they could win. Thank you. May it please the court. The district court conducted precisely the type of analysis that this court's precedents tell it to which is to what conduct is appropriate and what conduct is exceptional. Most of the district court's opinion is not addressed at  appellant's brief, by appellant's argument. The district court's opinion focused substantially on the conduct of the parties and actually pointed out that the conduct of device security below is the type of conduct that should be lauded, not sanctioned. The initial licensing letter that device security sent was not the sort of heavy handed uber aggressive licensing letter that has been chastised by some courts. It was quite gentle. No, we understand that. What is the reasonable basis upon which you had for alleging direct infringement? At the beginning of the case, the record supports four independent theories based on the then public information. Those four theories were the first and induced infringement theory under then Akamai because there was no public information about the relationship between Kaspersky on the one side and a network provider on the other. And a key point which appellant persists in getting wrong is the question of whether the requirements of the claims merely ask that certain signals be received at a site operated by a network provider. And the theory about how that could happen is very easy to understand because if we're talking about a lost cell phone or a lost iPad, the signals that are coming to and from that cell phone or iPad go through a network provider by definition. So they're going to be going through a cell tower or going through a network provider's facilities at some point. Of course. That's how it communicates with the outside world. And so the idea that there was this impossibility to figure out how a network provider might be involved ignores the claims and reality. There was never an allegation that they were a network provider because there was never a requirement that they be one. And if, and there was no public information on this at all, if there were a relationship between Kaspersky and Verizon, AT&T, that would clearly have satisfied Akamai at the time. Once information was produced in discovery that made clear there was no such relationship, that claim no longer became viable. There are three other potential claims based on the public information at the time before discovery. The next is the doctrine of equivalence theory, which was clearly articulated, which said you may not be operating with a network provider, but if you're performing the same functions as a network provider, would. And they clearly, all the functions of the claims are clearly being provided. If you were operating with a network provider, you        was which entities were playing what role in that process. And it was clear at some point, whether by agreement or not, that if that website had been hosted by Verizon or AT&T, then that would be a facility operated by a network provider. Kaspersky's website was plainly performing all the steps of the claim. There was no information publicly about that at the time. Therefore, at that time, once the information was produced that said that's not happening, the claim was dropped. And that's exactly the point the District Court made, which is why there cannot be an abuse of discretion here, which is the District Court concluded that the claims were sufficiently viable until discovery and validity contentions were received. Once they were received and the claims became weaker than they were thought to be based on public information, the patent holder did precisely the responsible thing, which is to dismiss the claims. What about your friend's argument that the District Court created a per se rule that D.J. plaintiffs can't get fees for asserting invalidity contentions? The District Court, I think, did no such thing. What the District Court did was to say the obligation to create invalidity contentions was not caused by device security, it was caused by the filing of the D.J. patent. That's true. That was responding to an argument that Kaspersky made below. What the District Court did not say was that if the case were otherwise exceptional, that you couldn't get the cost of doing invalidity contentions. What the Court held was it's not exceptional. That's what the Court held. And there was no exception. If the finding of exceptionality supported, which it was not here, then certain types of claims can't be made by a D.J. patent. Never said, never required to be said, and not an argument made here. The only other quasi-legal argument that is made by appellant is the argument that if there is one claim which they contend to have been baseless, put aside the factual question about whether it was or was not baseless at the time made, but others which were good, plausible, appropriate, not baseless, is the one supposedly baseless claim by itself enough to declare the case exceptional in the presence of other claims that were sufficiently plausible. And there's two aspects to that that I want to make clear. One's a legal one and one's a factual one. The argument the case your honor is referring to was precision link. That was actually the flipped circumstance. There the court found it to be, the district court found the case to be exceptional. And that finding was entitled to and vacated for the purpose of asking the district court to find in light of that fact whether it was still an exceptional case. Putting aside the non-presidential nature of the case, which we all know what that means, that reflects the reality that one bad claim without admitting that there was a bad claim here does not automatically make the case exceptional. Here the situation is flipped. You have a district court decision finding no exceptional case, taking into account the totality of the circumstances as it should do. And the argument is made that one arguably bad claim is enough as a matter of law to compel a finding of exceptional case. Do they make the lesser argument that it's enough as a matter of law to compel that finding of  case? No. And the only law that exists in the non-presidential case is not only against that but against that in the flipped circumstance where there was a presumption of deference entitled to the district court's finding of exceptionality. So I think that precision link for whatever it means supports the common sense view and the view that is dominant in the district courts which is if there are good plausible claims, arguing about one claim that they think is not plausible does not as a matter of law make the case exceptional and certainly is not enough to overturn and find an abuse of discretion of a district court's decision that it is not exceptional because keep in mind the totality of the circumstances test focuses not just on the merits of individual claims although that's one factor. It focuses on conduct of the parties and all the other facts and circumstances surrounding the action. The district court went through all of those facts and circumstances largely ignored by appellant and found it was not acceptable and there was no legal basis to overturn it. Thank you. So now it should be perfectly clear I think that direct literal    never been explained and was certainly baseless. I did not take the position that the district court did not take the position that the only complaint and this is about whether if there is one bad apple then the pie is rotten. I just started there that might be true. It's simpler for purpose of analysis to start with direct for me, direct literal and then move through the theories and what I heard again was that the basis for the claim was that network care might be hosting our website, a software company, you can look up information about websites and who owns those domains. That was an after the fact thing that I had never heard before until we got into this briefing and I spared the discussion of all these little conduct issues that were discussed at length in the opposing counsel's briefs because in this case I served no discovery, I noticed no depositions. I waited patiently until the exchange of claim terms to see if I could move for summary judgment and before I could do that they came in and dismissed everything. No extra expense was imposed on me. I was multiplying the proceedings. I didn't want to get into that because I thought that that's not really the issue but to the extent that it's mentioned in the district court's order, I think the things that they discuss are statements that were made before any real proceedings took place in the district court. There's nothing that talks about how I handled the case in the district court that I've ever seen anyone find fault with. I've been accused of not dropping an issue that I should drop but other than that the way this case was handled the absolute minimum burden was that I was forced to conclude that it was baseless. Not willingly but that was much later when I reached that conclusion. But... But that's not really an issue is it? That's not an issue on this appeal? The accusation the back and forth? No. I don't believe it is an issue. I don't see anything about the conduct of Kaspersky Lab during the lawsuit that would make us somehow ineligible to pursue rights. I had taken Mr. Powers simply to be saying that in the district court's opinion there is a little bit of discussion of the merits of the original complaint and then more discussion of how the litigation was conducted and you in your opening argument had not discussed the portions of the district court's opinion that said the way they conducted themselves once the litigation was joined was okay and you were focusing entirely on the threshold merits of their claim. That's all. I didn't take that as an accusation against you. Well, I didn't take it so much as an accusation as more like have we fully discussed the basis for the district court's decision because if the claim has merit, it's not baseless and I agree these other factors are not important but the part of the order, I think that if the court, for example, if the district court never entertained this bad apple theory because it never reached a conclusion about whether direct little infringement was baseless, that was just pushed to one side. The question we've been discussing here, the district court never had the opportunity to decide that.